THE WAYCROSS LUMBER COMPANY *v.* BURBAGE *et al.*

Under the law as it stood in 1868, a tax-collector had no legal authority to issue a tax execution against wild or unimproved land situated in his county, when the owner of such land was a non-resident. Consequently a sale under such an execution was void and passed no title to the purchaser.

November 15, 1895.

Petition for injunction, etc. Before Judge Sweat. Ware county. February 25, 1895.

*J. C. McDonald* and *L. A. Wilson*, for plaintiff in error. *Hitch & Myers*, contra.

SIMMONS, Chief Justice.

The plaintiffs sought an injunction to restrain Glover & Company from cutting timber upon a certain tract of land in Coffee county, to which the plaintiffs claimed title. Glover & Company answered that they were in possession of the land as tenants of the Waycross Lumber Company; and the latter was made a party defendant, and answered alleging that it was the true owner of the premises. The cause was by consent submitted to the judge below without a jury; and he found in favor of the plaintiffs and granted the injunction prayed; to which decision the Waycross Lumber Company excepted.

At the hearing the plaintiffs introduced a plat and grant from the State, and deeds showing a complete chain of title from the original grantee down to and into themselves, to the premises in dispute. The defendants based their claim of title upon a sale of the land under an execution against it as unreturned wild land, issued by the tax-collector of Coffee county, December 28, 1868, for $1, amount of taxes due the State and county for that year, and costs. In the execution it was stated that the land was "the property of non-resident." It appeared that when the taxes for 1868 accrued, the owner of this land was D. H. Walker, of Walton county, Georgia; and a certificate of the comptroller-

general was introduced, which showed that Walker made a return of the land for State and county taxes for that year.

As the law stood when these taxes accrued, all persons owning unimproved or wild lands in counties without the county of their residence were required to make returns of the same to the comptroller-general or to the receiver of tax returns of the county where the land was situated, and the taxes due upon such lands were required to be paid to the officer to whom the return was made.   (Code of 1868, §872.)   The tax-receiver was required to keep a digest of all lands not returned to him, separating the improved from the unimproved or wild lands, and to forward the digest to the comptroller-general (*Id.* §869), and it was the duty of the comptroller-general, after advertising a list of the unimproved or wild lands not given in, to issue execution against such lands, directed to the sheriff of the county where the land was situated, and the sheriff was required to advertise and sell the same and make his returns to the comptroller-general.   (*Id.* §875.)   There was no law authorizing tax-collectors to issue executions against such lands.

The law being as above stated, the tax-collector in this instance had no legal authority to issue an execution for taxes for 1868 against the land in question, and the sale under the execution was void and passed no title to the purchaser.   The evidence required a finding in favor of the plaintiff, and the grant of the injunction was proper.

*Judgment affirmed.*